UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MIERZWA, | ) |
| | ) |
|          **Plaintiff,** | ) |
| v. | )   No.: 21-cv-4010-MMM |
| | ) |
| NANCY LESSARD, et al., | ) |
| | ) |
|          **Defendants.** | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, pursues a § 1983 claim for failure to protect at the Henry County Jail ("Jail"). Plaintiff names Jail Administrator Nancy Lessard and Jail Officers Jericho Lessard and Deputy Stroud. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that, between November 2020 and December 2020, he was sexually assaulted twice by inmate Williams. Plaintiff attempted to report the assaults through the PREA hotline, but it was inoperable. Plaintiff directed multiple grievances and request forms to Defendant Jail Administrator Nancy Lessard, detailing the sexual assaults, the lack of emergency

review of grievances, the failure of the PREA hotline and the alleged failure of the deputies to protect him after the assaults were made known to them.

Plaintiff alleges that he filled out a sexual complaint form regarding the two sexual assaults and gave copies to Defendant Officers Deputy Stroud and Jericho Lessard. When Plaintiff asked Defendant Stroud to separate him from inmate Williams, Defendant responded that Plaintiff would have to speak to officers on the day shift. Plaintiff apparently informed day shift Officer Defendant Jericho Lessard who appeared sympathetic, but who, nonetheless, placed Plaintiff back on the pod with inmate Williams. Plaintiff claims that he was subsequently physically assaulted by Williams.

Plaintiff has provided a lengthy "Activity Log" which he asks the Court to review to further augment his claims. It is not the Court's job, however, to review materials appended to a complaint for the purposes of fleshing out Plaintiff's claims. As a result, the Activity Log was not reviewed. Plaintiff requests money damages and injunctive relief in the form of an investigation of his claims, procedural changes at the institution and proper maintenance of the PREA hotline.

## ANALYSIS

As Plaintiff is a civil detainee, his deliberate indifference claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). A different standard applies as, while convicted prisoners may be subjected to punishment short of cruel and unusual, detainees may not be punished at all. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Under the Fourteenth Amendment standard, a detainee need only establish that defendant's conduct was objectively unreasonable, that Defendants "knew, or

should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353.

In a failure to protect claim, a pretrial detainee must establish that "[t]he defendant did not take reasonable available measures to abate th[e] risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious." *Johnson v. Taylor*, No. 18-5263, 2020 WL 5891401, at *2 (N.D. Ill. Oct. 5, 2020) citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Here, Plaintiff does not claim any Defendant had prior notice of either of the two sexual assaults, so as to have appreciated the risk. *Johnson*, 2020 WL 5891401, at *2 citing *Gevas v. McLaughlin*, 798 F.3d 475, 480-82 (7th Cir. 2015) ("[i]n failure to protect cases, [a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.")

It appears, however, that all three Defendants were subsequently made aware of the sexual assaults, and still failed to remove Plaintiff from the pod where inmate Williams was housed. As a result of this failure, inmate Williams had the opportunity, and physically assaulted Plaintiff. As a result, Plaintiff states a colorable failure to protect claim against Defendants Nancy Lessard, Jericho Lessard and Deputy Stroud for this physical assault.

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed solely on the failure to protect claim against Defendants Nancy Lessard, Jericho Lessard and Deputy Stroud identified herein. All other claims will not be

included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff has filed [7], requesting the status of this case. [7] is rendered MOOT by this order. Plaintiff has also filed [5] and [8], letters asserting that Jail officials are not debiting the filing fee from his trust fund account as provided in the Court's February 4, 2021 order. The Clerk is to send a copy of this order, along with a copy of the February 4, 2021 to the Henry County Jail to the care of Jail Administrator Nancy Lessard. Plaintiff is advised that in the future, if he seeks relief of this Court, he is to file it in the form of a motion, not a letter.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

      6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

      7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

      8.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

      9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

    1)ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

    2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

 4/15/2021  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE